IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY CRISPINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1553 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 21st day of March, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for benefits on August 14, 2003, alleging a disability onset date of June 10, 2002, due to depression. Plaintiff's applications were denied initially. At plaintiff's request, an ALJ held a hearing on April 20, 2005, at which plaintiff, represented by counsel, appeared and testified. On June 22, 2005, the ALJ issued a decision finding that plaintiff is not disabled. On September 9, 2005, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 44 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has a high school education with some college training and past relevant work experience as a waitress, certified nursing assistant, customer service representative and receptionist. Although plaintiff alleges an onset date of June 10, 2002, the ALJ noted that the record shows work activity from May of 2003 to August of 2003.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the

AO 72
(Rev. 8/82)

Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of major depression and personality disorder, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at all exertional levels but is limited to work involving simple repetitive tasks performed in a low stress environment. A vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including stock clerk, office clerk and hotel/motel cleaner. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[1] 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

On appeal to this court, plaintiff concedes that the medical and other evidence of record before the ALJ at the time of his decision is sufficient to constitute substantial evidence supporting the ALJ's denial of benefits. Rather than challenging the ALJ's finding of not disabled, plaintiff instead argues that the Appeals Council, in denying review, failed adequately to consider additional medical records submitted for the first time to the Appeals Council, records which were requested prior to the ALJ's decision but which were not provided by the medical source, Mercy Behavioral Health Service, until after the ALJ denied

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the procedure for evaluating mental impairments set forth in 20 C.F.R. §§404.1520a and 416.920a must be followed. Plummer, 186 F.2d at 432.

- 4 -

benefits. However, this court has no authority to review the actions of the Appeals Council in denying review.

As the Third Circuit Court of Appeals explained in Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001), the standards for judicial review are governed by the Social Security Act. Pursuant to §405(g), a claimant unsuccessful in the administrative process may seek judicial review of the final decision of the Commissioner denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the ALJ's decision which is the final decision of the Commissioner, and it is that decision that the court is to review. Id. at 592. As the Third Circuit explained, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council's decision to deny review." Id. at 594. Here, plaintiff is asking this court to review the Appeals Council's decision to deny review, which this court has no statutory authority to do. Rather, it is the ALJ's decision, the final decision of the Commissioner, that is before the court for judicial review. Id. at 594-95.

The court also finds that a remand pursuant to Sentence 6 of §405(g) for consideration of the additional reports would not be appropriate in this case because plaintiff has failed to show that the evidence is new and/or material, and likewise has failed to show good cause for not presenting these records to the ALJ. Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984).

When a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. See Matthews v. Apfel, 239 F.3d at 593. Sentence 6 of §405(g) provides that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See Szubak, 745 F.2d at 833. The Third Circuit Court of Appeals repeatedly has emphasized that "a claimant must satisfy all three requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews at 594; Szubak at 833.

In order to support a sentence 6 remand, "the evidence must first be 'new' and not merely cumulative of what already is in the record." Szubak, 745 F.2d at 833. "Evidence is new if it was not and could not have been presented at the prior administrative proceeding." DeMoss v. Heckler, 706 F.Supp. 303, 308 (D.Del. 1988). New evidence is "material" within the meaning of §405(g) if it is relevant and probative and there is "a reasonable possibility that the new evidence would have changed the outcome of the [Commissioner's] determination." Szubak, 745 F.2d at 833.

Applying the standard for sentence 6 remands set forth in Szubak and reaffirmed in Matthews, the court finds that plaintiff in this case has failed to satisfy any of the three requirements

necessary to justify a remand. First, plaintiff has failed to show that the additional treatment records, which cover the period from October of 2003 to June 15, 2005, and basically record ongoing treatment and medication prescriptions, as well as GAF scores, are "new" and not cumulative of other evidence considered by the ALJ. The record shows that the ALJ considered plaintiff's treatment history as well as any GAF scores that were available to him for the relevant time period, and the additional GAF scores, which all are higher than the lowest GAF scores before the ALJ, can be considered nothing more than cumulative evidence.[2]

Likewise, plaintiff has failed to demonstrate that the additional reports were material as plaintiff has not made any showing as to how the additional records would have changed the ALJ's determination. Indeed, the ALJ considered the Mercy Behavioral Health records prior to February of 2004, which were before the ALJ, and concluded that they were consistent with plaintiff's assessed residual functional capacity, (R. 16), and

---

[2] In any event, it should be noted that the use of the GAF scale, which considers psychological, social and occupational functioning on a hypothetical continuum of mental health, See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 1994), is not endorsed by the Social Security Administration because its scores do not have a direct correlation to the disability requirements and standards of the Act. See 65 Fed.Reg. 50746, 50764-65 (2000). Instead, the ALJ is to consider the clinical findings contained in the narrative reports of medical sources, and is to weigh that evidence under the standards set forth in the regulations for evaluating medical opinion evidence, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d). The ALJ clearly did so here.

plaintiff has made no showing that any of the additional records contain any information which would alter that conclusion. Accordingly, the new evidence proffered by plaintiff cannot be deemed "material" within the meaning of section 6.

Finally, even if the proffered evidence could be characterized as new and material, a district court may remand the case to the Commissioner only if the claimant also demonstrates that there is good cause for the absence of that evidence in the administrative record. Here, plaintiff has failed to demonstrate any good cause for not presenting the evidence below. Although plaintiff attempts to shift the blame to the medical source for failing to timely respond to plaintiff's request for the records at issue, it is plaintiff's responsibility to ensure that all potentially relevant evidence is before the ALJ. In this case, plaintiff plainly was aware of the existence of these records at the hearing on April 20, 2005 and the ALJ held the record open for thirty days to provide plaintiff an opportunity to secure them. Still, plaintiff failed to do so within that thirty-day window, and, in fact, had an additional thirty-plus days following the expiration of that window before the ALJ rendered his decision on June 22, 2005. Plaintiff's failure to secure records of which she was aware prior to the ALJ's decision, particularly when the record was held open for her to do so, cannot be considered "good cause" for not presenting the evidence below.

Thus, because the court finds that plaintiff's proffered evidence is not "new" or "material" evidence within the meaning of

§405(g), and because plaintiff has failed to demonstrate good cause for not presenting the evidence below, the court finds that plaintiff is not entitled to a remand for consideration of this evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. As plaintiff concedes, the ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond* (signature)

Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
 1789 S. Braddock Ave., Suite 570
 Pittsburgh, PA 15218

 Megan Farrell
 Assistant U.S. Attorney
 U.S. Post Office & Courthouse
 700 Grant Street, Suite 4000
 Pittsburgh, PA 15219